UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CAMUNAS-CORTEZ,<br><br>Plaintiff,<br><br>v.<br><br>J. SALAZAR, et al.,<br><br>Defendants. | No. 2:18-cv-795-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff, a federal prisoner proceeding without counsel in this action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971),[1] seeks leave to proceed in forma pauperis. ECF No. 7.

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

---

[1] The Ninth Circuit has recognized that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 929 F.2d 1384, 1388 (9th Cir. 1991).

1

Screening

I.  Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.  Analysis

Plaintiff alleges that, on April 20, 2017, he was being transferred from FCI-Mendota to FCI Herlong. ECF No. 1 at 6. He states that he ambulates with a prosthetic leg and the transportation officers – defendants Lawson and Carlson – were unsure how to effectively restrain

2

him due to this condition. *Id.* They asked plaintiff how he had been transported in the past and plaintiff told the officers that he had never previously been placed in leg restraints because they would limit his ability to board and exit the bus. *Id.* Defendant Lawson considered foregoing the leg shackles, but ultimately decided to use them after reasoning that other staff members might "freak out" if they saw plaintiff without leg restraints. *Id.* at 6-7. Plaintiff claims that, as a consequence of being placed in leg shackles, he fell while exiting the bus. *Id.* at 7.

Plaintiff now brings an Eighth Amendment claim for cruel and unusual punishment against the defendants who transported him and the "executive staff" whom, he alleges, failed to train the transportation officers "professionally." *Id.* at 8. His claim, as currently drafted, is not cognizable. The Supreme Court has held that a prison official violates the Eighth Amendment only where he possess a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That state of mind is one of deliberate indifference to inmate health or safety. *Id.* And an official acts with deliberate indifference where they consciously disregard an excessive risk of harm to an inmate's health or safety. *Id.* at 838-40.

The allegations, as currently articulated, simply do not establish that any defendant knew that putting leg restraints on plaintiff constituted an "excessive" risk to his safety. Indeed, plaintiff admits that he boarded the bus without injury after receiving assistance from the driver. ECF No. 1 at 7. Thus, it would not have been unreasonable for defendants to assume that the restraints on his legs did not pose a serious or excessive threat to his safety during disembarkation during which, presumably, another staff member could have assisted plaintiff.

Moreover, courts have held that "deliberate indifference requires more than evidence that the defendants *should* have recognized the excessive risk and responded to it; it requires evidence that the defendant must have recognized the excessive risk and ignored it." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 138 (3d Cir. 2001). Although plaintiff's fall was an unfortunate consequence of his legs being shackled, there is no explicit allegation that defendants actually recognized this particular risk and affirmatively decided to ignore it. Finally, the nature of the event at issue– an inadvertent fall which resulted in bruising – simply does rise to the level of seriousness required to invoke the Eighth Amendment's ban on cruel and unusual punishment.

3

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny . . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (internal citations omitted).

<u>Leave to Amend</u>

Plaintiff will be given one opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual

4

background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  May 2, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE